Alba Eluvia **PEREZ–LOPEZ;** Juan Jose **Gramajo, Petitioners,**

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 03–73937.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

---

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Alba Eluvia Perez–Lopez, and her minor son Juan Jose Gramajo, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Siong v. INS,* 376 F.3d 1030, 1036 (9th Cir.2004), and we deny the petition for review.

The BIA properly denied Petitioners' motion to reopen as untimely because they filed it nearly two years after the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria v. INS,* 321 F.3d 889, 894–95 (9th Cir.2003). Petitioners' contention that their former counsel's ineffective assistance equitably tolls the deadline for filing a motion to reopen lacks merit. Petitioners failed to act with due diligence in discovering former counsel's failure to file a brief with the BIA, resulting in dismissal of Petitioners' appeal from the immigration judge's denial of asylum. *See id.* at 897 (noting that due diligence is required to satisfy the equitable tolling doctrine).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.